lyde B. COX

v.

UNITED STATES.

No. 228-60.

United States Court of Claims.

Dec. 6, 1961.

———◆———

Harry E. Wood, Washington, D. C., for plaintiff; Emery & Wood, Washington, D. C., on the brief.

Arthur E. Fay, Washington, D. C., and Asst. Atty. Gen., William H. Orrick, Jr., for defendant.

WHITAKER, Judge.

The question in this case is whether plaintiff is subject to the provisions of the Economy Act of 1932 (47 Stat. 406) 5 U.S.C.A. § 59a, which provides that no civilian employee of the United States is entitled to retired pay on account of his military service if the combined civilian pay and retired pay exceed $3,000.

Plaintiff says he is not subject to the provisions of that Act because of the provisions of the Act of May 12, 1917 (40 Stat. 40, 72), as amended by section 1(b) of the Act of July 1, 1947 (61 Stat. 238, 239) [1], which read:

"That no existing law shall be construed to prevent any member of the Officers' Reserve Corps * * from accepting employment in any civil branch of the public service nor from receiving the pay incident to such employment in addition to any pay and allowances to which he may be entitled under the laws relating to the Officers' Reserve Corps * * *."

On September 30, 1941, plaintiff was retired for physical disability in the grade of technical sergeant with more than 22 years cumulative service. At the time he held a commission as a captain in the Chemical Warfare Service, Officers' Reserve Corps. He was then entitled to retired pay of 75 percentum of his active duty pay, under the Pay Readjustment Act of 1942, and this has been paid to him.

On October 12, 1949, Congress passed the Career Compensation Act (63 Stat. 802), effective October 1, 1949, 37 U.S.C.A. § 231 et seq. Section 411 thereof gave Army personnel the right to elect to have their pay, including disability retired pay, computed under that Act. It is admitted that under it plaintiff was and is entitled to receive retired pay at the rate of 55 percentum of the basic pay of a captain from and after the effective date of that Act, which rank he held in the Officers' Reserve Corps at the time of his retirement.

1. Now 5 U.S.C.A. § 30r.

Defendant, however, says, since plaintiff's combined retired pay as a captain in the Officers' Reserve Corps and his civilian pay exceeded $3,000, he is barred by the Economy Act from receiving it while drawing his civilian pay. Plaintiff replies that the Act of May 12, 1917, as amended by the Act of July 1, 1947, exempts reserve officers from the provisions of the Economy Act. Defendant rebuts by saying that plaintiff receives the pay of a captain only by virtue of the Career Compensation Act of 1949, and that this is not a law relating to the Officers' Reserve Corps. If it is a law relating to the Officers' Reserve Corps, plaintiff is entitled to what he claims.

It is true that the Career Compensation Act is not a law relating to the Officers' Reserve Corps only, but it does relate to the Officers' Reserve Corps, as well as to officers of other corps. It does prescribe the pay which officers in the Reserve Corps may elect to receive, and that is what the Act of July 1, 1947 referred to, e. g., laws fixing the pay to which members of the Officers' Reserve Corps are entitled. It says, "No existing law shall be construed to prevent any member of the Officers' Reserve Corps * * * from * * * receiving the pay incident to [his civilian employment] in addition to any pay and allowances to which he may be entitled under the laws relating to the Officers' Reserve Corps." The Career Compensation Act entitled plaintiff to the pay of a captain only because he was a captain in the Officers' Reserve Corps. He was not a captain in any other corps. Except for this reserve commission, he would not have been entitled to the retired pay of a captain, and he was entitled to it under the provisions of the Career Compensation Act. This Act, therefore, was a law relating to the pay of members of the Officers' Reserve Corps.

In Watman v. United States, Ct.Cl. No. 189–59, decided March 1, 1961, 288 F.2d 472, it was finally decided that the Act of July 1, 1947, supra, applied to reserve officers retired for disability as well as for longevity. Under the authority of that decision, we hold plaintiff is entitled to recover the amount due him under the Career Compensation Act, without deduction on account of the Economy Act.

Plaintiff's motion for summary judgment is granted and judgment to that effect will be entered, with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, DARR, Senior District Judge, sitting by designation, and DURFEE and LARAMORE, Judges, concur.